IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-04126-PAB-KAS

LCS CAPITAL, LLC, a Colorado limited liability corporation, and
LCS FINANCIAL SERVICES CORPORATION, a Colorado corporation,

     Plaintiffs,

v.

CONSUEGRA & DUFFY, PLLC, a Florida professional limited liability corporation,

     Defendant.

---

**ORDER**

---

This matter comes before the Court on the Motion for Remand [Docket No. 16] and Defendant Consuegra & Duffy, PLLC's Motion to Transfer Venue and Stay Defendant's Responsive Pleading Deadline [Docket No. 17].

## I.  BACKGROUND

Plaintiff LCS Capital, LLC ("Capital") is a passive debt acquisition company that acquires portfolios of debt in the automobile, student loan, and mortgage areas.  Docket No. 5 at 3, ¶ 6.  Capital specializes in the acquisition of debt considered to be uncollectable and uses vendors to successfully collect on its portfolios.  *Id.*  Plaintiff LCS Financial Services Corporation ("Financial") is a financial services company that assists its clients in maximizing their debt recovery.  *Id.*, ¶ 7.  Financial provides debt collection management services to Capital.  *Id.*  In order to effectively collect debt, Financial enters into contracts with attorneys licensed in the states in which it operates to assist in

collecting debt for Financial's clients.  *Id.*, ¶ 8.  Both Financial and Capital are Colorado citizens.  *Id.* at 2, ¶¶ 1-2; *see also* Docket Nos. 27, 28.

On or about December 20, 2016, Financial entered into a local counsel retainer agreement ("retainer agreement") with the Law Offices of Daniel C. Consuegra, P.L. ("Law Offices").  Docket No. 16 at 2-3; Docket No. 16-1 at 1.  At the time, Financial was named Stawiarski & Associates, P.C.  Docket No. 16 at 3; Docket No. 16-1 at 1.  The retainer agreement has a choice of law clause, which states: "This Agreement and all matters and issues collateral thereto shall be governed by the laws of the State of Colorado."  Docket No. 16 at 2; Docket No. 16-1 at 15.  The retainer agreement also has a forum selection clause, which states:

> The parties agree that any and all controversies or claims arising out of or relating to this Agreement, or breach thereof, shall be decided in the District Court of the County of Arapahoe, State of Colorado, and that such court shall have exclusive jurisdiction, including *in personam* jurisdiction, and shall be the exclusive venue for any and all such controversies and claims, except as otherwise unanimously agreed upon by the parties.

Docket No. 16 at 2-3; Docket No. 16-1 at 15.  On or about April 1, 2017, Stawiarski & Associates, P.C. and the Law Offices executed an amendment to the retainer agreement to transfer the retainer agreement from Stawiarski & Associates P.C. to Financial.  Docket No. 16 at 3; Docket No. 16-2 at 1.  The amendment was signed by Daniel C. Consuegra, who identified himself as the managing partner for the Law Offices.  Docket No. 16-2 at 3.

On October 6, 2017, a registered agent formed Consuegra & Duffy, PLLC ("Consuegra & Duffy") under the laws of Florida.  Docket No. 19-1 at 3, ¶ 7; Docket No. 19-2.  Consuegra & Duffy is a Florida citizen and is the defendant in this action.  Docket No. 5 at 3, ¶ 3.  At the time of its formation, Consuegra & Duffy's members were Daniel

2

C. Consuegra and Amanda Duffy.  Docket No. 19-1 at 3, ¶ 9.  Mr. Consuegra retired in 2021, and Consuegra & Duffy's current members are Ms. Duffy and Joseph C. Dominguez.  *Id.* at 4, ¶ 13.  Consuegra & Duffy never purchased any assets of the Law Offices or assumed any liabilities of the Law Offices.  *Id.* at 5, ¶ 20.  The Law Offices continues to exist as an active professional limited company in Florida, separate and apart from Consuegra & Duffy.  *Id.*, ¶ 19.  However, on or about October 13, 2017, Consuegra & Duffy was granted the right to use the "Law Offices of Daniel C. Consuegra, P.L." as a DBA, ostensibly for marketing purposes.  *Id.* at 6, ¶ 22.  Neither the Law Offices nor Consuegra & Duffy informed plaintiffs that a new entity was created.  Docket No. 21 at 4.  On July 2, 2021, Consuegra & Duffy sent an email to its clients indicating that Consuegra & Duffy was doing business as the Law Offices of Daniel C. Consuegra, but would now be operating under the name Consuegra & Duffy, P.L.L.C.  *Id.* at 3; Docket No. 16-3 at 2-3.  Consuegra & Duffy continued to perform under the terms of the retainer agreement between Financial and the Law Offices, and did not represent to plaintiffs that it no longer considered itself bound by the retainer agreement.  Docket No. 21 at 5.

On November 20, 2025, plaintiffs sued Consuegra & Duffy in Colorado state court, bringing claims for breach of the retainer agreement, for negligence, and for violation of the Florida Rules of Professional Conduct.  Docket No. 5 at 7-8, ¶¶ 42-53.  Consuegra & Duffy was served on November 25, 2025.  Docket No. 1 at 1, ¶ 3.  On December 23, 2025, Consuegra & Duffy removed this action to federal court on the basis of diversity jurisdiction.  *Id.* at 2, ¶ 7.  On January 12, 2026, plaintiffs filed a motion to remand.  Docket No. 16.  While plaintiffs concede that there is diversity jurisdiction,

they assert that the forum selection clause in the retainer agreement mandates that the action be heard in Colorado state court.  *Id.* at 2.  On February 2, 2026, Consuegra & Duffy filed a response, arguing, among other things, that it is not bound by the retainer agreement because the retainer agreement was signed by the Law Offices, a separate entity.  Docket No. 19 at 7.  On February 16, 2026, plaintiffs filed a reply.  Docket No. 22.

On January 15, 2026, Consuegra & Duffy filed a motion to transfer this action to the United States District Court for the Middle District of Florida, Tampa Division. Docket No. 17.  Plaintiffs filed a response, Docket No. 21, and defendant filed a reply. Docket No. 23.

## II. LEGAL STANDARD

### A. <u>Motion to Remand</u>

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "Federal district courts must strictly construe their removal jurisdiction."  *Env't. Remediation Holding Corp. v. Talisman Cap. Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to

continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245

(10th Cir. 2005) (citation omitted).

### B. Motion to Transfer

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought." 28 U.S.C.

§ 1404(a). Section 1404(a) is "intended to place discretion in the district court to

adjudicate motions for transfer according to an 'individualized, case-by-case

consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a

transfer, the moving party must establish that: "(1) the action could have been brought

in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of

justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F.

Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler,
Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

## III. ANALYSIS

### A. Motion to Remand

#### 1. Choice of Law

To determine whether remand is appropriate, the Court must first determine

whether Consuegra & Duffy is subject to the forum selection clause in the retainer

agreement. Consuegra & Duffy argues that the Court should apply Florida law to

determine whether it is bound by the retainer agreement. Docket No. 19 at 7; Docket

No. 23 at 6-7. Plaintiffs, on the other hand, cite both Colorado and New York law when

arguing that Consuegra & Duffy is bound by the retainer agreement. Docket No. 21 at

5

3-4.  Plaintiffs do not explain why this law is applicable, but do mention that the retainer agreement has a Colorado choice of law clause.  Docket No. 16 at 2.  The choice of law clause, however, is only applicable if Consuegra & Duffy is a party to the retainer agreement, which it is not.  While plaintiffs argue that Consuegra & Duffy is bound by the retainer agreement despite not being a party to it, the Court will apply Colorado choice of law rules to determine which law is applicable to that issue.  *See Precision Fitness Equip. of Pompano Beach, Inc. v. Nautilus, Inc.*, No. 08-cv-01228-CMA-KLM, 2010 WL 551404, at *3 (D. Colo. Feb. 11, 2010) ("In diversity cases like this one, the Court should apply the choice of law rules of the forum state to ascertain which state's law governs").

"With respect to the construction, validity, and effect of contracts, Colorado applies the law of the state in which the contract was made."  *In re Est. of Loflin*, 81 P.3d 1112, 1114 (Colo. App. 2003) (citations omitted); *see also Borroel v. Lakeshore, Inc.*, 618 F. Supp. 354, 360 (D. Colo. 1985) ("Under Colorado law, the law of the place where the contract was made governs its nature, validity, and interpretation") (citations omitted).  Consuegra & Duffy asserts, and plaintiffs do not dispute, that the retainer agreement was executed in Florida.  Docket No. 23 at 6.  Thus, the Court will apply Florida law in determining whether Consuegra & Duffy is bound by the forum selection clause.[1]

---

[1] Nevertheless, the Court has reviewed Colorado law and finds that the Court would rule the same way regardless of whether Colorado law or Florida law is applicable.

6

### 2. *Successor*

Plaintiffs argue that the forum selection clause is enforceable against Consuegra & Duffy because Consuegra & Duffy is the successor to the Law Offices and because Consuegra & Duffy continued to perform as if bound by the retainer agreement.[2]

Under Florida law, an entity is not liable for another entity as a successor unless one of four exceptions is met: "(1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor." *Krogen Exp. Yachts, LLC v. Nobili*, 947 So. 2d 581, 582-83 (Fla. Dist. Ct. App. 2007) (quoting *Bernard v. Kee Manufacturing Co.*, 409 So.2d 1047, 1049 (Fla. 1982)). Plaintiffs make no argument under Florida law that Consuegra & Duffy meets any of these exceptions. *See generally* Docket Nos. 16, 21.

The Court finds that none of these exceptions are applicable here. Consuegra & Duffy did not assume any liabilities of the Law Offices. Docket No. 19-1 at 5, ¶ 20. Consuegra & Duffy did not merge with the Law Offices, as the Law Offices continues to exist as a separate entity. *Id.*, ¶ 19. Relatedly, Consuegra & Duffy is not a mere continuation of the Law Offices because the Law Offices still exists. *Id.* And there is no argument that Consuegra & Duffy was formed to fraudulently avoid the Law Offices' liabilities. Thus, the Court finds that Consuegra & Duffy is not a successor of the Law Offices.

---

[2] Plaintiffs put forward these arguments in their response to defendant's motion to transfer. Docket No. 21 at 2-6. In their reply in support of the motion to remand, plaintiffs state that they also incorporate these arguments as to the motion to remand. Docket No. 22 at 2.

### 3. *Continued Performance*

Next, plaintiffs argue that the forum selection clause is enforceable against Consuegra & Duffy because Consuegra & Duffy continued to perform under the retainer agreement after being formed as a separate entity.  Docket No. 21 at 5-6.  Plaintiffs assert that the Law Offices did not perform under the retainer agreement after Consuegra & Duffy was formed.  Docket No. 22 at 2-3.

Plaintiffs cite no caselaw to support the proposition that Consuegra & Duffy is bound by the forum selection clause due to its performance of the contract.  *See* Docket No. 21 at 5-6; Docket No. 22 at 2-3.  Notably, under Florida law, parties can create an implied contract if they continue to perform under the terms of an expired contract. *Hagstrom v. Co.Fe.Me. USA Marine Exhaust, LLC*, 322 So. 3d 145, 148 (Fla. Dist. Ct. App. 2021).  But here, the issue is not that the retainer agreement expired; rather, the issue is that Consuegra & Duffy was not a party to the retainer agreement.  Thus, Consuegra & Duffy is not bound by the same terms as the retainer agreement, much less by the forum selection clause which is only tangential to the retainer agreement's purpose.[3]

Accordingly, Consuegra & Duffy is not subject to the exclusive forum clause of the retainer agreement, and the Court will therefore deny the motion to remand.

---

[3] In a footnote, plaintiffs note that, if there is no contract between the parties, then Consuegra & Duffy committed malpractice because agreements to be paid by contingency fees must be in writing.  Docket No. 21 at 6 n.2.  Regardless of whether this is a valid accusation, it does not support the assertion that Consuegra & Duffy is bound by the retainer agreement.

B. **Motion to Transfer**

Consuegra & Duffy argues, and plaintiffs do not dispute, that venue is proper in the Middle District of Florida because a substantial part of the events giving rise to plaintiffs' claims occurred there. Docket No. 17 at 7; *see also* 28 U.S.C. § 1391(b)(2).

"Generally, a plaintiff's choice of forum is given great deference. The burden on the party seeking to overcome the chosen forum is significant." *Rudder v. Herriman*, No. 15-cv-01142-CBS, 2015 WL 7075403, at *1 (D. Colo. Nov. 13, 2015) (citing *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). Consuegra & Duffy, however, argues that a variety of private and public factors weigh in favor of this action being transferred to the Middle District of Florida. Docket No. 17 at 8-11.

First, Consuegra & Duffy argues that, as a Florida law firm, it would be substantially burdensome to litigate this action in Colorado. *Id.* at 8. On the other hand, Consuegra & Duffy notes that plaintiffs, as sophisticated corporate entities, will not be unduly inconvenienced by ligating in Florida. "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

Consuegra & Duffy also argues that key witnesses and evidence are located in Florida. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (citation omitted). "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial . . . , that deposition testimony would be unsatisfactory, or that the use of compulsory

9

process would be necessary." *Id.* (internal quotations, alterations, and citation omitted).

Consuegra & Duffy properly states this standard. Docket No. 23 at 4. However, while

Consuegra & Duffy identifies potential witnesses as "Defendant's attorneys, paralegal,

and staff," Docket No. 17 at 8, Consuegra & Duffy does not indicate the quality or

materiality of the witnesses' testimony and does not assert that the witnesses are

unwilling to come to a trial in Colorado or that deposition testimony would not suffice.

*See id.* at 8-11; Docket No. 23 at 4-5. Moreover, the evidence identified by Consuegra

& Duffy includes "documents and electronic records regarding Plaintiffs' claims,

including litigation files, docket materials, and compliance records in Florida." Docket

No. 17 at 8-9. Plaintiffs point out that all of this evidence is available electronically,

Docket No. 21 at 9, which Consuegra & Duffy does not dispute. *See generally* Docket

No. 23. Thus, while some anticipated witnesses reside in Florida, this factor does not

weigh heavily in favor of Consuegra & Duffy.

Next, Consuegra & Duffy argues that this case should be heard in Florida

because it alleges violations of the Florida Rules of Professional Conduct ("RPC").

Docket No. 17 at 9-11. Specifically, Consuegra & Duffy argues that Florida has a strong

interest in regulating the conduct of its own attorneys and that Florida courts are more

familiar with the governing law.[4] *Id.* While it is true that Florida has a strong interest in

regulating its attorneys, Colorado also has a strong interest in protecting its residents

from attorney misconduct. Furthermore, while Florida courts are more familiar with

---

[4] In its reply, Consuegra & Duffy argues for the first time that Florida courts have
exclusive jurisdiction over plaintiffs' claims. Docket No. 23 at 7-8. The Court will not
consider this argument because "a party waives issues and arguments raised for the
first time in a reply brief." *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016)
(citation omitted).

Florida law, "[t]his factor . . . is less significant because federal judges are qualified to apply state law." *Emps. Mut. Cas.*, 618 F.3d at 1169. Moreover, Consuegra & Duffy is moving to transfer this action to the Middle District of Florida, a federal court. Nevertheless, these arguments weigh in favor of transferring this action.

Finally, even though it is not enforceable against Consuegra & Duffy, the retainer agreement's forum selection clause supports litigating this action in Colorado. While plaintiffs were unaware that Consuegra & Duffy was a separate entity and was not bound by the retainer agreement, plaintiffs believed that disputes under the retainer agreement would be litigated in Colorado. Moreover, because Consuegra & Duffy continued to perform under the terms of the retainer agreement, was doing business as the Law Offices, and did not inform plaintiffs that Consuegra & Duffy formed a new entity, plaintiffs had reason to believe that disputes with the law firm would be litigated in Colorado. Coupled with the fact that "[t]he plaintiff's choice of forum is to be given considerable weight," *Young v. Dollar Tree Stores, Inc.*, No. 11-cv-01840-REB-MJW, 2012 WL 3705010, at *1 (D. Colo. Aug. 24, 2012), the Court finds that it is not in the interest of justice to transfer this case.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Motion for Remand [Docket No. 16] is **DENIED**. It is further

11

**ORDERED** that Defendant Consuegra & Duffy, PLLC's Motion to Transfer Venue

and Stay Defendant's Responsive Pleading Deadline [Docket No. 17] is **DENIED**.


DATED May 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge